Filed 1/16/24  P. v. Esquivel CA4/3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEX JOE ESQUIVEL,<br><br>    Defendant and Appellant. | G061943<br><br>(Super. Ct. No. 96NF0484)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

The opinion filed January 16, 2024, is ordered modified to correct a typographical error in the disposition such that the disposition is consistent with the opinion as follows:

On page 7, in the disposition section, replace the word "denied" with "affirmed."

This modification does not affect the judgment.


GOETHALS, J.

I CONCUR:


BEDSWORTH, ACTING P. J.

Filed 1/16/24  P. v. Esquivel CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEX JOE ESQUIVEL,<br><br>    Defendant and Appellant. | G061943<br><br>(Super. Ct. No. 96NF0484)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  Affirmed.

Appellate Defenders, Inc. and Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

Alex Joe Esquivel appeals from the trial court's denial of his second petition for resentencing under the statutory procedure now codified in Penal Code section 1172.6.[1] We upheld the trial court's denial of Esquivel's initial, December 2019 petition in an unpublished opinion because the jury's findings, including that Esquivel "personally used a firearm to commit the killing," made it "clear . . . that this was a quintessential first-degree murder committed with express malice aforethought." (*People v. Esquivel* (Sept. 21, 2020, G058716) [nonpub. opn.] (*Esquivel II*).) Esquivel therefore fell outside the remedial purpose of Senate Bill No. 1437 (2017-2018 Reg. Sess.; Senate Bill 1437), under which murder liability can no longer be "'imposed on a person who [was] not the actual killer, [who] did not act with the intent to kill, or [who] was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

Esquivel filed his second resentencing petition in January 2022 after the Legislature amended the law of murder again in Senate Bill No. 775 (2021-2022 Reg. Sess.; Senate Bill 775). As we explain, the trial court again properly denied Esquivel's new petition.

### FACTUAL AND PROCEDURAL BACKGROUND

In June 2001, a jury convicted Esquivel of murder in violation of section 187, subdivision (a). The jury was instructed that first degree murder requires a "willful, deliberate and premeditated killing with express malice aforethought," the trial court's instructions defined those terms (CALJIC Nos. 8.11, 8.20), and the jury unanimously reached the conclusion Esquivel committed first degree murder (See CALJIC Nos. 8.71, 8.74, 8.75). The same jury found true the allegation that Esquivel personally used a firearm in the commission of the murder (§ 12022.5, subd. (a)). The

---

[1] All further statutory references are to the Penal Code.

jury also convicted Esquivel of unlawful gang association (§ 186.22, subd. (b)(1)), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). The trial court sentenced Esquivel to an indeterminate term of 31 years to life. We affirmed Esquivel's conviction and sentence in an unpublished opinion. (*People v. Esquivel* (Aug. 6, 2002, G029608) (*Esquivel I*).)

This court decided *Esquivel I* under the provisions of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which appointed counsel found no arguable issues and our independent review disclosed none. Our opinion in *Esquivel II* reflected that Esquivel, "a member of the Monos Street gang, shot the victim 'seventeen times at close range in the chest, back, shoulders, buttocks, and extremities.'" (*Esquivel II*, *supra*, G058716.) The prosecutor in his opening argument at trial sought Esquivel's conviction on grounds that "this case is nothing but a first degree murder," "a cold-blooded execution."

The trial court denied Esquivel's second resentencing petition under Senate Bill 1437 in an order that included these comments: "Without reviewing the facts of the case, a review of the record of conviction, including the jury instructions and verdicts, shows that the petitioner is ineligible for relief as a matter of law and thus fails to make a prima facie showing for relief. The jury was not instructed on the natural and probable consequences doctrine, felony-murder theory, or any other theory of murder where malice is imputed based solely on the petitioner's participation in a crime. The jury found that the petitioner was the actual perpetrator of the murder. As such, the petitioner is ineligible for resentencing as a matter of law."

Esquivel then appealed.

Appointed counsel on appeal found "no arguable issues" to challenge the trial court's denial of Esquivel's second resentencing petition. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 (*Johnson*) [stating standard for "an arguable issue," including that counsel need not raise those which lack merit or "a reasonable potential for

3

success"].)  Counsel filed a brief pursuant to the guidelines set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) consistent also with both *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, *supra*, 25 Cal.3d 436.  While not arguing against his client, counsel provided the history of the case, proposed several issues for us to examine, and asked this court to exercise the discretion granted to us under *Delgadillo* to conduct an independent review of the appellate record, which we have done.

## DISCUSSION

Senate Bill 1437 amended the law of murder ""'"to more equitably sentence offenders in accordance with their involvement in homicides."'""  (*People v. Reyes* (2023) 14 Cal.5th 981, 986.)  "Now, '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)"  (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.)  To this end, the new legislation limited the scope of the traditional felony-murder rule and eliminated the natural and probable consequences doctrine as a valid basis to support a murder conviction.  (*Lewis*, *supra*, 11 Cal.5th at p. 957.)  Senate Bill 1437 also added section 1170.95 (now renumbered § 1172.6), which created "a special procedural mechanism for those convicted under the former law to seek retroactive relief."  (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*); see § 1172.6, subd. (a).)

A prisoner's first step under section 1172.6 is to file a petition that establishes a prima facie basis for relief.  One of the requirements for the prima facie showing is that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made effective by Senate Bill 1437.  (§ 1172.6, subd. (a)(3).)  Esquivel alleged as much in his petition.  Nonetheless, "'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination

4

adverse to the petitioner.""" (*Lewis*, *supra*, 11 Cal.5th at p. 971 [examining record "allow[s] the court to distinguish petitions with potential merit from those that are clearly meritless"]; see *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)

If the record of conviction, including "factual findings made by a jury in the defendant's underlying trial" (*People v. Curiel* (2023) 15 Cal.5th 433, 451 (*Curiel*)), establishes the petitioner is ineligible for relief under section 1172.6 as a matter of law, the petition must be denied (*People v. Flores* (2022) 76 Cal.App.5th 974, 987; see *Curiel*, at p. 453 ["relevant jury finding[s]" may be "preclusive in section 1172.6 proceedings"]). "'This is a purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

The trial court properly denies a petition at the prima facie stage if the record of conviction establishes the petitioner was convicted on a theory not affected by Senate Bills 1437 or 775. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257.) That is the case here since a defendant who was the direct perpetrator of murder, that is an intentional killing with malice, is not eligible for resentencing. (See, e.g., *People v. Myles* (2021) 69 Cal.App.5th 688, 692-694.) "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer'" (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973), provided he or she acted with malice (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055-1059 [petition subject to denial as a matter of law where petitioner's murder conviction is necessarily based on theory of actual malice]).

Nothing in Esquivel's new petition for resentencing changes the conclusion we reached in *Esquivel II* that he is ineligible for relief as a matter of law, since the jury determined by its first degree murder verdict and personal use of a firearm finding that he killed the victim, Robert Holguin, with malice aforethought. Senate Bill 775 does not aid him. That enactment expanded the scope of potential relief available, including to permit

5

defendants convicted of attempted murder to seek resentencing (§ 1172.6, subd. (a)(1)), but it has no application to Esquivel.  The trial court properly denied Esquivel's new petition.

Counsel suggested these issues for our review:  "A. Whether the Supreme Court decision in *People v. Lewis* (2021) 11 Cal.5th 952 or the enactment of Senate Bill No. 775, both of which happened after appellant's first petition was denied, created avenues for relief that did not exist at the time of the previous appeal. [¶]  B. Whether the court followed the procedures required by Penal Code section 1172.6. [¶] C. Whether appellant's petition for resentencing under Penal Code section 1172.6 was properly . . . dismissed with prejudice. . . . [¶] D. Whether the conspiracy instructions given at appellant's trial [] left open the possibility the jury convicted appellant of murder based on a theory of imputed malice, thereby establishing a prima facie case for resentencing.  [Fn. Omitted.]"

We see no avenue for potential relief in any of these contentions.  We therefore do not address them further, except in two respects.  As to issue C, the trial court properly dismissed the petition with prejudice on the issues newly raised by Esquivel because they have no merit as a matter of law.  As to issue D, we find no basis to conclude Esquivel was convicted on a theory of imputed malice where the conspiracy instructions required, as an "individual . . . member of a conspiracy," his "specific intent to commit [murder]" for him to be convicted of that crime.  (CALJIC No. 6.10.5.)

Esquivel's suggested issues are also unavailing.  (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented"].)  Esquivel requests generally that we (1) "go thro[ugh] my case file . . . to see if there are merits in my case" under *Anders*, *supra*, 386 U.S. 738; (2) ensure that Senate Bill 1437 "rules should be followed"; and (3) cites, without elaboration, the changes that Senate Bills 1437 and 775

6

made to the law of murder in sections 188 and 189. Our de novo review discloses no arguable basis for relief on any of these issues.

The cases that Esquivel asks us to consider are inapposite. (E.g., *People v. Maldonado* (2023) 87 Cal.App.5th 1257 [jury may have imputed malice to defendant based on surprise attack on victim, under lying-in-wait murder instructions].) Likewise, Esquivel's reference to denial of his codefendant's section 1172.6 petition for resentencing as a direct aider and abettor of Holguin's murder does not aid Esquivel. (*People v. Cervantes* (Dec. 21, 2022, G060225) [nonpub. opn.].)

Finally, Esquivel challenges the veracity of witness testimony in his trial, but a resentencing petition "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) As the Supreme Court has stated, "Had the Legislature intended to permit wholesale relitigation of findings supporting murder convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly." (*Strong*, *supra*, 13 Cal.5th at p. 715.)

## DISPOSITION

The trial court's order denying Esquivel's resentencing petition is denied.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

7